Lisa J. Rodriguez
**TRUJILLO RODRIGUEZ & RICHARDS, LLP**
258 Kings Highway East
Haddonfield, New Jersey 08033
Telephone: (856) 795-9002

Attorneys for Plaintiff

(Additional Counsel on Signature Page)


**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LAILA RIDA,<br>Individually and On Behalf Of All Others<br>Similarly Situated,<br><br>        Plaintiff,<br><br>    vs<br><br>DANIEL H. SCHULMAN, THOMAS O.<br>RYDER, RICHARD H. CHIN, L. KEVIN<br>COX, DOUGLAS B. LYNN, GORDON<br>D. McCALLUM, MARK POOLE, ROBERT<br>SAMUELSON, KENNETH T. STEVENS,<br>SUNGWON SUH, VIRGIN MOBILE<br>USA, INC. and SPRINT NEXTEL<br>CORPORATION,<br><br>        Defendants, | Civil Action No._____<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

Plaintiff, Laila Rida, by her undersigned attorneys, for her class action complaint against defendants, allege upon knowledge as to her own acts and upon information and belief as to all other matters, based upon the investigation made by and through their attorneys, which investigation included, *inter alia*, reviewing Securities and Exchange Commission ("SEC") filings, press releases, analyst reports, news articles and/or other materials as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action individually and as a class action on behalf of all persons, other than defendants, who own the securities of Virgin Mobile USA, Inc. ("Virgin Mobile" or the "Company") and who are similarly situated, for compensatory damages and injunctive relief.  Plaintiff seeks injunctive relief herein, *inter alia*, to enjoin the consummation of a proposed merger, announced on July 28, 2009, whereby Sprint Nextel Corporation ("Sprint" or the "Buyer") will convert each publicly traded share of Virgin Mobile into the equivalent of $4.50 of Sprint stock in a transaction valued at approximately $483 million (the "Proposed Merger"). Alternatively, in the event that the Proposed Merger is consummated, plaintiff seeks to recover damages caused by the breach of fiduciary duties owed by defendants to the Company's shareholders.

2.      The Proposed Merger with Sprint and the acts of defendants, as more particularly alleged herein, constitute a breach of defendants' fiduciary duties owed to Virgin Mobile's public shareholders and a violation of applicable legal standards governing the defendants herein.

3.      In pursuing the unlawful plan to sell Virgin Mobile for inadequate consideration, each of the defendants breached and/or aided and abetted the other defendants' breach of their fiduciary duties of loyalty, due care, good faith and/or deed.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because plaintiff and all of the defendants and the amount in controversy, including the request for injunctive and/or declaratory relief, exceeds $75,000 exclusive of interest and costs.

5.      This action is not a collusive one to confer jurisdiction on a court of the United States that it would not otherwise have.

2

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).
Virgin Mobile's principal place of business is located in this District.  Many of the acts giving rise
to the violations complained of herein occurred and/or had their primary effects in this District.

## PARTIES

7.      Plaintiff James D. Seymour, at all times relevant hereto, has been the owner of
Virgin Mobile common stock.

8.      Defendant Virgin Mobile is a Delaware company, with its headquarters located at
10 Independence Boulevard, Warren, New Jersey 07054. Virgin Mobile is a wireless
communications services provider offering prepaid and postpaid services primarily in the United
States and trades on the New York Stock Exchange.

9.      Defendant Daniel H. Schulman ("Schulman") has served as Chief Executive
Officer since September 2001.  Schulman is also a director of the Company.

10.     Defendant Thomas O. Ryder ("Ryder") has served as the chairman of the board of
directors of the Company since October 2007.

11.     Defendant Richard H. Chin ("Chin") has served as a director of the Company since
September 2008.

12.     Defendant L. Kevin Cox ("Cox") has served as a director of the Company since
October 2007.

13.     Defendant Douglas B. Lynn ("Lynn") has served as a director of the Company
since August 2007.  Defendant Lynn is currently vice president of corporate development for
Sprint. Defendant Lynn joined Sprint Corporation (a predecessor to Sprint) in 1994.

14.     Defendant Gordon D. McCallum ("McCallum") has served as a director of the

Company since December 2008.  Defendant McCallum is CEO of Virgin Management Limited.

15.     Defendant Mark Pole ("Poole") has served as a director of the Company since June 2007.  Defendant Poole joined the Virgin Group in 1991.

16.     Defendant Robert Samuelson ("Samuelson") has served as a director of the Company since June 2007.  Defendant Samuelson is a member of the Compensation Committee. Defendant Samuelson joined Virgin Management Limited in July 2000.

17.     Defendant Kenneth T. Stevens ("Stevens") has served as a director of the Company since October 2007.  Defendant Stevens is a member of the Compensation Committee.

18.     Defendant Sungwon Suh ("Suh") has served as a director of the Company since September 2008 when he was named as one of SK Telecom's director designees.

19.     Defendants Schulman, Ryder, Chin, Cox, Lynn, McCallum, Poole, Samuelson, Stevens and Suh are hereinafter referred to as the "Director Defendants."

20.     The Director Defendants, by reason of their corporate directorship and/or executive positions, are fiduciaries to and for the Company's shareholders, which fiduciary relationship requires them to exercise their best judgment, and to act in a prudent manner and in the best interests of the Company's shareholders.

21.     Sprint is a Kansas corporation, with its headquarters located in Overland, Kansas. Sprint provides wireless and wireline communications products and services in the United States and internationally.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action on her own behalf and as a class action, on behalf of all stockholders of Virgin Mobile, except defendants herein and any person, firm, trust, corporation,

4

or other entity related to or affiliated with any defendants, who are threatened with injury arising from defendants' actions as is described more fully below (the "Class").

23.     This action is properly maintainable as a class action.

24.     The Class is so numerous that joinder of all members is impracticable.  As of April 1, 2009, Virgin Mobile had more than 65 million shares of Class A common stock outstanding. The number and identities of the record holders of the Company's securities can easily be determined from the stock transfer journals maintained by Virgin Mobile or its agents.   The disposition of their claims in a class action will be of benefit to the parties and to the Court.

25.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, and no unusual difficulties are likely to be encountered in the management of this action as a class action.   The likelihood of individual class members prosecuting separate claims is remote.

26.     There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class.  Among the questions of law and fact which are common to the Class, which predominate over questions affecting any individual class member are, *inter alia*, the following:

        (a)     Whether the proposed consideration to the shares of public stockholders of $5.50 per share is grossly inadequate and provides to Virgin Mobile's shareholders below the fair or inherent value of the Company;

        (b)     Whether defendants have failed to take all reasonable steps necessary to ensure that Virgin Mobile's stockholders receive the maximum value realizable for their shares of Virgin Mobile common stock in a transaction effecting the change of corporate control; and

(c)     Whether plaintiffs and the other members of the Class would be irreparably damaged was the Proposed Merger complained of herein consummated.

27.     Plaintiff is a member of the Class and is committed to prosecuting this action. Plaintiff has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class, and plaintiff has the same interests as the other members of the Class. Plaintiff does not have interests antagonistic to or in conflict with those they seek to represent. Plaintiff is therefore adequate representatives of the Class.

28.     The likelihood of individual Class members prosecuting separate individual actions is remote due to the relatively small loss suffered by each Class member as compared to the burden and expense of prosecuting litigation of this nature and magnitude. Absent a class action, defendants are likely to avoid liability for their wrongdoing, and class members are unlikely to obtain redress for their wrongs alleged herein. There are no difficulties likely to be encountered in the management of the Class claims. This Court is an appropriate forum for this dispute.

## SUBSTANTIVE ALLEGATIONS

29.     Virgin Mobile is engaged in providing prepaid and postpaid wireless services for the youth market primarily in the United States.

30.     On July 28, 2009, Virgin Mobile and Sprint announced that the boards of directors of their respective companies had approved a definitive agreement whereby Sprint would acquire Virgin Mobile for a total equity value of approximately $483 million. Sprint already owns approximately 13% of the Company and will retire Virgin Mobile's outstanding debt. The deal is expected to close in late 2009 or early 2010.

6

31.    Sprint has lost more than $30 billion in the two years through 2008 after writing down most of the value of its 2005 acquisition of Nextel Communications Inc.  Sprint lost subscribers following such acquisition.

32.    Following the announcement of the Proposed Transaction, Virgin Mobile's stock price jumped to $5.44 close to the proposed share price.  The prepaid cell phone market has grown despite the recent difficult financial conditions in the United States.  Virgin Mobile has beat analysts' expectations during the past year and has shown increases in operating and net income.  The Company's stock has given its investors a strong return in this turbulent economy.

33.    The intrinsic value of the Virgin Mobile stock is in excess of consideration offered for the Company by Sprint, given the strong possibilities of growth and profitability of Virgin Mobile in light of its business earnings and earnings power, present and future.

34.    The Proposed Transaction is beneficial to Sprint.  Among other things, according to reports in the financial media, Sprint will benefit from using the Virgin brand as it has struggled with its own customer defections as described above following the Nextel merger. Sprint reported deeper than expected net losses for the second quarter of this year.

35.    Accordingly, Buyer's proposal is grossly unfair, inadequate and provides Virgin Mobile's stockholders consideration substantially below the fair or inherent value of the Company.  Taking into account the current and historical values of Virgin Mobile stock, the strength of its business, revenues, cash flow, brand name, and earnings power, the intrinsic value of the equity of Virgin Mobile is materially greater than the consideration contemplated by the Proposed Merger price.

36.    Acceptance of the Buyer's offer would result in the Director Defendants' failure to

take all reasonable steps necessary to ensure that the Company's stockholders would receive the maximum value realizable for their shares in any transaction effecting the change of corporate control. Specifically, the Director Defendants are duty bound to exercise their fiduciary responsibilities in the best interests of Virgin Mobile's shareholders, including implementing a bidding mechanism to foster a fair auction of the Company to the highest bidder, or to sufficiently explore strategic alternatives that would maximize value to the plaintiffs and the Class, instead of selling the Company at the bidding of its largest shareholder.

## FIRST CAUSE OF ACTION

### Claim for Breach of Fiduciary Duties Against the Director Defendants

37.     Plaintiff repeats and realleges each allegation set forth herein.

38.     The Director Defendants have violated their fiduciary duties of care, loyalty, and candor to the public shareholders of Virgin Mobile and have placed their personal interests ahead of the interests of the shareholders.

39.     By the acts, transactions and courses of conduct alleged herein, the Director Defendants, individually and acting as a part of a common plan, are attempting to advance their interests at the expense of Plaintiff and other members of the Class.

40.     The Director Defendants have violated their fiduciary duties by causing Virgin Mobile to enter into a transaction with Merck without regard to the fairness of the transaction Virgin Mobile's public shareholders.

41.     As demonstrated by the allegations above, the Individual Defendants failed to exercise the care required, and breached their duties of care, loyalty, and candor owed to the shareholders of Virgin Mobile because, among other reasons: (i) they failed to properly value

Virgin Mobile and its assets and operations; and (ii) they failed to take steps to maximize the value of Virgin Mobile to its public shareholders.

42.     By the acts, transactions and courses of conduct alleged herein, the Director Defendants, individually and as part of a common plan and scheme or in breach of their fiduciary duties of loyalty, good faith and due care to Plaintiff and the other members of the Class, have failed to adequately inform themselves about the true value of the Company and, by agreeing to the merger with Sprint, will unfairly deprive Plaintiff and other members of the Class of the true value of their investment in Virgin Mobile absent intervention of this Court.

43.     If the transaction is consummated, Virgin Mobile shareholders will be deprived of the opportunity for substantial gains which the Company may realize.

44.     By reason of the foregoing acts, practices and course of conduct, the Director Defendants have failed to exercise ordinary care and diligence in the exercise of their fiduciary obligations toward Plaintiff and the other Virgin Mobile public stockholders.

45.     As a result of the actions of Defendants, Plaintiff and the other members of the Class have been and will be damaged in that they have not and will not receive their fair proportion of the value of Virgin Mobile's assets and businesses and will be prevented from obtaining appropriate consideration for their shares of Virgin Mobile common stock.

46.     Unless enjoined by this Court, the Director Defendants will continue to breach their fiduciary duties owed to Plaintiff and the other members of the Class, and may consummate the Proposed Transaction which will exclude the Class from its fair proportionate share of Virgin Mobile's valuable assets and businesses, and/or benefit them in the unfair manner complained of herein, all to the irreparable harm of the Class.

47.     Plaintiff and the Class have no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff and the Class be fully protected from the immediate and irreparable injury which Defendants' actions threaten to inflict.

## SECOND CAUSE OF ACTION

### Claim for Aiding and Abetting Breaches of Fiduciary Duty

48.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

49.     In committing the wrongful acts alleged herein, the Director Defendants, and Sprint have pursued, or joined in the pursuit of, a common course of conduct, and have acted in concert with and conspired with one another in furtherance of their common plan or design. In addition to the wrongful conduct herein alleged as giving rise to primary liability, the Director Defendants, and Sprint further aided and abetted and/or assisted each other in breach of their respective duties as alleged herein.

50.     The purpose and effect of defendants' conspiracy, common enterprise, and/or common course of conduct is, among other things, to permit violations of law and breaches of fiduciary duty.

51.     The Director Defendants and Sprint have accomplished then-conspiracy, common enterprise and/or common course of conduct by entering into the Merger Agreement at an unfairly low price and through an unfair and woefully inadequate process.

52.     The Director Defendants and Sprint each aided and abetted and rendered substantial assistance in the wrongs complained of herein. In taking such actions to substantially assist the commission of the wrongdoing complained of herein, they acted with knowledge of the

10

primary wrongdoing, substantially assisted the accomplishment of that wrongdoing, and were aware of their overall contribution to and furtherance of the wrongdoing. This wrongdoing facilitated Sprint's acquisition of Virgin Mobile at an unfair price in the Proposed Transaction.

53.     Plaintiff and the members of the Class shall be irreparably injured as a direct and proximate result of the aforementioned acts, and have no adequate remedy at law.

WHEREFORE, plaintiff prays for judgment and relief as follows:

(a)     Declaring that this lawsuit is properly maintainable as a class action and certifying plaintiff as a representative of the Class;

(b)     Preliminarily and permanently enjoining defendants and their counsel, agents, employees, and all persons acting under, in concert with, or for them, from proceeding with or implementing the Proposed Merger;

(c)     In the event the Merger is consummated, rescinding it and setting it aside;

(d)     Awarding compensatory damages against defendants, jointly and severally, in an amount to be determined at trial, together with prejudgment interest at the maximum rate allowable by law;

(e)     Awarding plaintiff and the Class their costs and disbursements and reasonable allowances for plaintiff's counsel and experts' fees and expenses; and

(f)     Granting such other and further relief as may be just and proper.

11

Dated: August 6, 2009

**TRUJILLO RODRIGUEZ
& RICHARDS, LLP**

By:    s/ Lisa J. Rodriguez
      Lisa J. Rodriguez
      258 Kings Highway East
      Haddonfield, New Jersey 08033
      Telephone: (856) 795-9002

      Robert I. Harwood
      **HARWOOD FEFFER LLP**
      488 Madison Avenue
      New York, New York 10022
      Telephone:  (212) 935-7400

      **GLANCY BINKOW & GOLDBERG LLP**
      1801 Avenue of the Stars, Suite 311
      Los Angeles, CA 90067
      Telephone: (310) 201-9150

      *Attorneys for Plaintiff*