**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAILA RIDA, | CIVIL ACTION NO. 09-3923 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| DANIEL H. SCHULMAN, et al., | |
| Defendants. | |

**THE PLAINTIFF** brought this action on August 6, 2009, to recover damages for breach of fiduciary duty, and asserts jurisdiction under 28 U.S.C. § ("Section") 1332. (Dkt. entry no. 1, Compl.) The Court will sua sponte dismiss the Complaint without prejudice. See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).

**THE PLAINTIFF** properly alleges the citizenship of the corporate defendants, Virgin Mobile USA, Inc. ("VMU") and Sprint Nextel Corporation ("SNC"). (See Compl. at 3-4 (alleging VMU is deemed citizen of Delaware and New Jersey and SNC is deemed citizen of Kansas).) See 28 U.S.C. § 1332(c)(1) (concerning citizenship of corporation). But the plaintiff fails to allege in the Complaint (1) her own citizenship, or (2) the citizenship of each individual defendant ("Individual Defendant"). (See, e.g., Compl. at 3-4 (listing title, but not citizenship, of each Individual Defendant).) The plaintiff must allege in the

Complaint the states in which she and each Individual Defendant are citizens or are domiciled; allegations as to where any party resides, is licensed, or has a place of business will not properly invoke the Court's jurisdiction.  See Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008); Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970).

**THE PLAINTIFF** has failed to show that she is deemed to be a citizen of a different state in relation to each defendant.  See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each defendant).  Thus, the Court will dismiss the Complaint, but will do so without prejudice to the plaintiff to either – within thirty days – (1) recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., Inc., 82 N.J. 188, 191-95 (1980), or (2) move in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with documentation properly demonstrating the citizenship of the parties.  If the plaintiff opts to move to reopen, then she does so at her own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**THE PLAINTIFF** is advised – if she opts to move to reopen – that jurisdiction is measured "against the state of facts that existed at the time of filing". Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571 (2004). Thus, the plaintiff must properly demonstrate (1) her own citizenship as it existed specifically on August 6, 2009, e.g., list her home address with supporting documentation, (2) the citizenship of each Individual Defendant as it existed on August 6, 2009, e.g., list each home address with supporting documentation, and (3) that there is jurisdiction under Section 1332. The plaintiff is further advised that she must specifically assert citizenship as it existed on August 6, 2009.

**THE PLAINTIFF**, if moving to reopen, must not restate the allegations from the Complaint. Also, a response as to where any party resides, is licensed, or has a place of business – as opposed to is a citizen or is domiciled – will not properly invoke the Court's jurisdiction. See Cruz, 277 Fed.Appx. at 162. A response based upon information and belief or an assertion that is not specific (e.g., citizen of "a state other than California" or "no defendant is a California citizen") will be unacceptable. See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information

and belief "does not convince the Court that there is diversity among the parties").  As the plaintiff is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity".  CGB Occ. Therapy, Inc. v. RHA Health Servs. Inc., 357 F.3d 375, 382 n.6 (3d Cir. 2004).

    **THE COURT** will issue an appropriate order and judgment.

                                          s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge

Dated:  August 13, 2009